William B. BOISE, Plaintiff–Appellant,

v.

NEW YORK UNIVERSITY,
Defendant–Appellee.

No. 05–6793–cv.

United States Court of Appeals,
Second Circuit.

Aug. 14, 2006.

William B. Boise, New York, NY, pro se.

Ada Meloy, New York, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant William B. Boise, *pro se,* appeals from the judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*), granting summary judgment in favor of defendant-appellee New York University (N.Y.U). We assume familiarity with the facts, the procedural history, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). For substantially the reasons set forth by the District Court in its opinion, we conclude that summary judgment was appropriate. Boise's mere speculation was insufficient to permit a reasonable inference that NYU's proffered reasons for revoking Boise's tenure and terminating his employment were illegitimate or, otherwise, pretexts. *See McPherson v. New York City Dept. of Educ.*, 457 F.3d 211, 215 n. 4 (2d Cir.2006) (noting that speculation alone is insufficient to defeat a properly supported motion for summary judgment).

We decline to consider Boise's due process challenge to his tenure revocation proceedings. Since, as a general rule, we will not consider an issue raised for the first time on appeal, we decline to address this claim because it was not raised before the District Court. *See U.S. Fire Ins. Co. v. Nat'l Gypsum Co.*, 101 F.3d 813, 817 (2d Cir.1996). And, this case does not present the manifest injustice or the type of purely legal issue that would lead us to disregard the general rule. *See id.* Finally, as Boise has not demonstrated a likelihood of success on the merits of his appeal, we deny his motion for a preliminary injunction and temporary restraining order. *See Forest City Daly Housing, Inc. v. Town of N. Hempstead*, 175 F.3d 144, 149 (2d Cir. 1999).

The judgment of the district court is hereby **AFFIRMED,** and Boise's motion for a preliminary injunction and temporary restraining order is **DENIED.**