SUMMARY ORDER
Plaintiff Daniel Duviella appeals from an award of summary judgment in favor of defendant JetBlue Airways Corporation (“JetBlue”) on his claim that JetBlue failed to promote him and later discharged him because of his age and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and various state and local laws. We review a grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. See Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir.2008). While we will not uphold an award of summary judgment in favor of the defendant if the evidence is sufficient to permit a reasonable jury to find for the plaintiff, the plaintiff must point to more than a “scintilla” of evidence in support of his position to defeat summary judgment. Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)) (internal quotation marks omitted). In applying these principles to this appeal, we assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
We affirm for substantially the reasons stated in the district court’s thorough and well-reasoned opinion. See Duviella v. JetBlue Airways Corp., No. 04 Civ. 5063, 2008 WL 1995449 (E.D.N.Y. May 6, 2008). We write briefly to explain our independent determination that Duviella has identified no evidence that would permit a reasonable jury to conclude that JetBlue was motivated by discrimination either when it declined to promote him or when it discharged him.
First, in claiming discriminatory termination, Duviella challenges the process used by JetBlue to investigate sexual harassment allegations against him, and he disputes the accuracy of the conclusions reached. “In a discrimination case, however, we are decidedly not interested in the truth of the allegations against plaintiff. We are interested in what ‘motivated the employer.’ ” McPherson v. New York City Dep’t of Educ., 457 F.3d 211, 216 (2d Cir.2006) (quoting United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 716, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983) (emphasis omitted)). Duviella has not adduced any evidence tending to demonstrate that JetBlue’s procedures or sanctions were influenced by his age or race. This is fatal to his discharge claim. See, e.g., Graham v. Long Island, R.R., 230 F.3d 34, 44 (2d Cir.2000) (holding that even if plaintiff could demonstrate that failed drug test proffered by defendant as ground for dismissal was in error, that showing would not demonstrate that reliance on test was pretext for discrimination); Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 331 (3d Cir.1995) (“[T]he factual dispute at issue is whether a discriminatory animus motivated the employer, not whether *478 the employer is wise, shrewd, prudent, or competent.” (internal quotation marks and citation omitted)). Indeed, Duviella has not identified any evidence indicating that the actions of either Julia Gomez, who investigated the harassment claims and recommended termination, or Barbara Shea, who made the ultimate termination decision, were motivated by Du-viella’s age or race. In Gomez’s case, the only record evidence indicates that she was unaware of that information. See Woodman v. WWOR-TV, Inc., 411 F.3d 69, 87 (2d Cir.2005) (holding that, to defeat summary judgment, plaintiff “was obliged to offer evidence indicating that persons who actually participated in her termination decision had ... knowledge” of her protected characteristics).
Second, although Duviella identified one person of a different race who purportedly was (1) disciplined less harshly for harassing conduct, and (2) investigated using different procedures, he failed to adduce evidence demonstrating that he and his comparators were similarly situated with respect to the harassment charged. If anything, the evidence indicates that Duviella was accused of more egregious conduct. Such a record cannot support an inference of discriminatory motive. See Mandell v. County of Suffolk, 316 F.3d 368, 379 (2d Cir.2003) (“A plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself.” (internal quotation marks and citation omitted)).
Third, with respect to Duviella’s failure-to-promote claims, Duviella has likewise offered no evidence tending to show that the relevant actors — Laura Ko-nopka, who denied his June 2003 promotion application, and Salman Khan, who allegedly lied to him about the opportunity to apply for certain positions in August 2003 — were motivated by prohibited factors.[1] Duviella conceded at his deposition that he had “no facts” to support his claims regarding Konopka’s decisionmak-ing, Duviella Dep. at 73, and he points to nothing more than a bare allegation that Khan’s actions were improperly motivated, see Appellant’s Br. at 19 (stating only that Duviella “alleges this action by Khan was deliberate and based on [Duviella’s] age and race”). Mere allegations are insufficient to defeat summary judgment. See Fed.R.Civ.P. 56(e); see also Holcomb v. Iona Coll., 521 F.3d 130, 138 (2d Cir.2008) (noting that plaintiff bears “ ‘ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against’ ” him (quoting Texas Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981))). Moreover, the fact that the promotions in question were given to younger people of a different race is not sufficient, standing alone, to allow Duviella to carry his ultimate burden of proving discrimination. See Brown v. Henderson, 257 F.3d 246, 253-54 (2d Cir.2001) (observing that “what matters in the end is not how the employer treated other employees” who do not share plaintiffs characteristics, “but how the employer would have treated the plaintiff’ had he not possessed those characteristics (emphasis omitted)).
For the foregoing reasons, the judgment of the district court is AFFIRMED.

. Duviella’s appellate brief does not challenge the district court's grant of summary judgment on his claim that JetBlue discriminated against him in cancelling his October 2003 promotion interview. We deem any such challenge to be waived. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir.1998).