Jerome T. DORFMAN, Plaintiff–
Appellant,

v.

DOAR COMMUNICATIONS, INC.,
Defendant–Appellee.

No. 05–4926–cv.

United States Court of Appeals,
Second Circuit.

March 12, 2009.

Jerome T. Dorfman, Oyster Bay, NY, pro se.

Eric B. Sigda, Greenberg Traurig, LLP, New York, NY, for Appellees.

PRESENT: Hon. WALKER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. LEWIS A. KAPLAN,* District Judge.

## SUMMARY ORDER

Appellant Jerome T. Dorfman, *pro se*, appeals the district court's grant of summary judgment dismissing his claims of, *inter alia*, age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's order granting summary judgment *de novo*, asking whether the moving party demonstrated that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003).

In order to make out a *prima facie* case of age discrimination, a plaintiff must show (1) membership in a protected age group; (2) qualification for the position; (3) an adverse employment decision; and (4) circumstances giving rise to an inference of discrimination. *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 96–97 (2d Cir. 1999). Once a plaintiff has established a prima facie case of discrimination, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see Fisher v. Vassar Coll.*, 70 F.3d 1420, 1449 (2d Cir.1995) (holding that claims under the ADEA are analyzed under the *McDonnell Douglas* burden-shifting framework). The burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is a pretext for an impermissible motivation. *See McDonnell Douglas*, 411 U.S. at 804–05, 93 S.Ct. 1817. "[A]lthough the presumption of discrimination drops out of the picture once the defendant meets its burden of production, the trier of fact may still consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom ... on the issue of whether the defendant's explanation is pretextual." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (second alteration in original) (citation and internal quotation marks omitted). A plaintiff cannot establish a *prima facie* case based on "purely conclusory allegations of discrimination, absent any concrete particulars." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985).

The district court properly concluded that Appellant failed to show that he was terminated under circumstances giving rise to an inference of discrimination. *See Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18–19 (2d Cir.1995). The incidents upon which Appellant bases

---

1. Appellant also brought state law claims against Appellee for conversion and violating N.Y. Exec. Law §§ 296–297. Upon dismissing Appellant's federal claim under the ADEA, the district court declined to exercise jurisdiction over Appellant's state law claims. Because we affirm the district court's grant of summary judgment for Appellee on the ADEA claim, we also affirm the district court's dismissal of Appellant's pendent state law claims.

his claim, such as the alleged "fit the culture" comment and exclusion from the "Big Smoke" event, lack any hint of age discrimination beyond that provided by mere speculation. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir.1999). With respect to Appellant's generalized allegations about other individuals in the protected age group being fired, he fails to provide demographic and other information necessary to analyze this data, without which his allegations "ha[ve] no logical tendency to show that discrimination was present." *Pollis v. New Sch. for Soc. Res.*, 132 F.3d 115, 123 (2d Cir.1997). Assuming *arguendo* that Appellant established a *prima facie* case of age discrimination, Appellee's evidence of Appellant's unsatisfactory work performance constituted a legitimate nondiscriminatory reason for Appellant's termination, one that Appellant failed to undermine as illegitimate or pretextual. *See McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 215–16 (2d Cir.2006). Finally, even if Appellant could demonstrate pretext, he still would have borne the ultimate burden of offering evidence sufficient to show that an issue of material fact existed as to whether he was treated adversely on account of his age, a burden he failed to meet. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 94 (2d Cir.2001).

All arguments not otherwise discussed in this summary order are found to be moot or without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.