**Suresh PATHARE, Samy Elghayesh, Nader Soliman, Gordhan Patel, Plaintiffs–Appellants,**

v.

**Joel I. KLEIN, Chancellor of the New York City Department of Education, New York City Department of Education, Defendants–Appellees.**

No. 08–5129–cv.

United States Court of Appeals, Second Circuit.

Sept. 30, 2009.

David Zelman, Brooklyn, NY, for Plaintiffs–Appellants.

Mordecai Newman (Larry A. Sonnenshein and Isaac Kelpfish, on the brief), Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellees.

PRESENT: B.D. PARKER,
RICHARD C. WESLEY, Circuit Judges, and JANE A. RESTANI,* Judge.

## SUMMARY ORDER

Plaintiffs–Appellants Suresh Pathare, Samy Elghayesh, Nader Soliman, and Gordhan Patel appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.* ). The district court granted a motion for summary judgment by Defendants–Appellees Joel I. Klein and the New York City Department of Education ("DOE") seeking dismissal of the Appellants' complaint alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and state and local human rights laws.

Appellants—who are of Indian and Egyptian national origin—claim that the DOE discriminated against them based on national origin when it did not promote them to supervisory positions within the DOE's Department of School Facilities ("DSF"), but did promote Caucasian–American employees. The district court concluded, however, that Appellants failed to demonstrate a genuine dispute as to whether the defendants engaged in discrimination. We assume the parties' familiarity with the facts, procedural history of the case, and issues presented on appeal.

We review a decision granting summary judgment *de novo*. *Rubens v. Mason*, 527 F.3d 252, 254 (2d Cir.2008). A motion for summary judgment may be granted where the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.;* Fed.R.Civ.P. 56(c). We have been "particularly cautious" about granting summary judgment when an employer's intent is in question because "direct evidence of an employer's discriminatory intent will rarely be found." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). Still, "a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment." *Id.*; *see also McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 215 n. 4 (2d Cir.2006).

Appellants observe that the DOE initially chose to promote some Caucasian–American candidates who ranked lower after interviews than candidates of foreign national origin. They assert that the selected candidates' strong work experience and DOE work record were already considered in connection with the interview rankings, which, according to Appellants, demonstrates that those purportedly legitimate bases for the promotion decisions were pretextual. In support of their contentions, Appellants further note that Caucasian–Americans were hired for all six of the initial supervisory positions even though roughly half of the candidates were not Caucasian–American.

■ Appellants have not, however, made out a prima facie case of discrimination, because none of them was ranked

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

higher after the interviews than any of the candidates who were ultimately hired. Therefore, DSF's failure to hire them does not raise an inference of discrimination. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir.2001) (noting that in order to make out a prima facie case of discrimination, a plaintiff must establish "that the adverse employment decision was made under circumstances giving rise to an inference of unlawful discrimination"). Other foreign-born candidates were passed over in spite of the fact that they were more highly ranked after the interviews than the Caucasian–American candidates who received promotions, but those higher-ranked candidates are not plaintiffs in this case.

█ Even if Appellants have satisfied the *de minimus* burden necessary to make out a prima facie case, they have failed to raise a genuine issue as to whether the DOE's explanation for the promotion decisions is a pretext for national origin discrimination. *See Howley v. Town of Stratford*, 217 F.3d 141, 150 (2d Cir.2000). According to Appellees, the DSF panel measured candidates' ability to satisfy the central requirements for the supervisory position based on interview scores as well as on work experience and DOE work record. These are appropriate bases for promotion decisions. *See Byrnie*, 243 F.3d at 104–05 (noting that partially subjective hiring standards are permissible when presented in clear and specific terms). Specifically, one of the Caucasian–American candidates chosen in the first round in spite of having a lower interview ranking than other candidates had a record of excellent job performance with the DOE, and another had recent experience in a similar supervisory position.

Appellants have not shown that this background information is entirely cumulative of the information DSF learned through the interviews, which might have suggested pretext. Nor have Appellants presented evidence that the candidates chosen lacked the minimal qualifications DSF required, or that their own credentials were "so superior to the credentials of the person[s] selected for the job" that there is a genuine issue as to whether any "reasonable person, in the exercise of impartial judgment, could have chosen the candidate[s] selected over the plaintiff[s] for the job in question." *Byrnie*, 243 F.3d at 103 (internal quotation marks omitted); *see also id.* ("[T]he court must respect the employer's unfettered discretion to choose among qualified candidates." (quoting *Fischbach v. D.C. Dep't Corr.*, 86 F.3d 1180, 1183 (D.C.Cir.1996))). Furthermore, Appellants have not alleged that any members of the panel made statements reflecting discriminatory animus based on national origin. Finally, Appellants' claims are seriously undermined by the undisputed fact that DSF did eventually promote members of the relevant protected groups to two out of the six supervisory positions available. Appellants' assertion that these latter promotions were part of a DSF effort to "cover up" discrimination is conclusory and unsupported.

A reasonable employer may have promoted the candidates selected, and Appellants have failed to present evidence creating a genuine issue as to whether discrimination was the real reason for the promotions.

We have considered Appellants' remaining contentions on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.