Bruce **BOYS**, Plaintiff,

v.

**CONTINENTAL CASUALTY COMPANY**, Defendant.

**No. 3:10–cv–533 (CFD).**

United States District Court, D. Connecticut.

Sept. 8, 2011.

Devin Bruce Dingler, Devin B. Dingler, Attorney at Law, West Hartford, CT, Thomas P. Willcutts, Willcutts Law Group, LLC, Hartford, CT, for Plaintiff.

Molree Williams–Lendor, Carmody & Torrance, Waterbury, CT, Mary E. Borja, Wiley Rein LLP, Washington, DC, for Defendant.

### RULING ON MOTION FOR SUMMARY JUDGMENT

CHRISTOPHER F. DRONEY, District Judge.

The plaintiff, Bruce Boys, brought this action against the defendant, Continental Casualty Company ("Continental"), as a judgment creditor of Morris I. Olmer to collect from Olmer's Professional Liability Insurance Policy issued by Continental (the "Policy"). The plaintiff claims that Continental is liable for the full amount of the judgment, pursuant to Conn. Gen.Stat. § 38a–321. The plaintiff also claims that Continental violated the Connecticut Unfair Insurance Practices Act ("CUIPA") and the Connecticut Unfair Trade Practices Act ("CUTPA"). Continental has filed a motion for summary judgment arguing that Boys's claim against Olmer is not covered under the Policy because it was not made and reported to Continental during the specified policy period. For the reasons that follow, the Court grants Continental's motion for summary judgment.

## I. Factual Background [1]

### A. Boys's Claim Against Olmer

Olmer represented Boys as his attorney [2] in a breach of contract suit in Connecticut state court.[3] After this lawsuit proved unsuccessful, Boys retained Attorney Devin B. Dingler who sent a letter dated June 20, 2007 to Olmer indicating Boys's intention to seek damages from Olmer for his negligent representation in the breach of contract suit. Boys sent a second letter dated August 23, 2007 by certified mail to Olmer confirming his intent to sue for negligent representation and professional malpractice. On November 19, 2008, Boys filed a suit against Olmer in Connecticut state court.[4] Olmer did not appear and the court entered a judgment against Olmer for $199,972.76. On March 12, 2010, Boys filed a two count complaint against Continental in the pending action.

### B. The Policy

Continental issued a Lawyers' Professional Liability Policy, No. 287073337, to Morris I. Olmer, LLC for the policy period October 15, 2006 to October 15, 2007. The Policy was a "claims-made" policy and, therefore, it only covered those claims that were first made against the insured, Olmer, and reported to the insurer, Continental, during the policy period. At the top of the first page of the Policy, in bold type, the following appeared:

THIS IS A CLAIMS MADE AND RE-PORTED POLICY. IT APPLIES ONLY TO THOSE CLAIMS THAT ARE BOTH FIRST MADE AGAINST THE INSURED AND REPORTED IN WRITING TO THE COMPANY DURING THE POLICY PERIOD.

With respect to the scope of coverage, the Policy provided, in pertinent part:

The Company agrees to pay on behalf of the Insured all sums in excess of the deductible that the Insured shall become legally obligated to pay as damages and claim expenses because of a claim that is both first made against the Insured and reported in writing to the Company during the policy period by reason of an act or omission in the performance of legal services by the Insured . . .

In addition, under the Conditions section, the Policy contained the following notice requirement:

The Insured, as a condition precedent to the obligations of the Company under this Policy, shall immediately give written notice to the Company during the policy period:

a. of any claim made against the Insured;

b. of the Insured's receipt of any notice, advice or threat, whether written or verbal, that any person or organization intends to hold the Insured responsible for any alleged breach of duty.

The parties do not dispute that the Policy was effective for the period from October 15, 2006 to October 15, 2007. The parties also do not dispute that the Policy contained an "automatic, non-cancelable ex-

---

**1.** The following facts are taken from the parties' Local Rule 56(a) statements, summary judgment briefs, affidavits, and other evidence submitted by the parties. They are undisputed unless otherwise indicated.

**2.** Olmer has since resigned from the Connecticut bar.

**3.** The action was entitled *Medical Temp Force LLC v. Lewis*, Case No. CV–02–0819239–S, and was filed in the Superior Court for the Hartford Judicial District at Hartford.

**4.** The action was entitled *Boys v. Olmer*, Case No. CV–08–5024868–S, and was filed in the Superior Court for the Hartford Judicial District at Hartford.

tended reporting period starting at the termination of the policy period" which lasted sixty days. Thus, the automatic extended reporting period for the Policy ended on December 14, 2007. The parties do dispute whether Olmer reported Boys's claim to Continental before December 14, 2007, the end of the extended reporting period.

Boys alleges that Olmer provided Continental written notice of Boys's claim between July and December 2007, while Continental contends that it never received any written notice of Boys's claim during the policy period or extended reporting period. Boys has provided the following two affidavits to support his claim of adequate notice: (1) Olmer's affidavit; and (2) Dingler's affidavit. In Olmer's affidavit, he stated that "[t]o the best of my recollection, I informed my agent of [Boys's June 20, 2007 letter stating his intent to sue] about the time of its receipt." Olmer Aff., Civ. No. 3:10–cv–533, Dkt. # 28, Ex. 2, ¶ 4. In addition, in Dingler's affidavit, he stated that "[a]t an Examination of Judgment Debtor hearing on September 28, 2009, Olmer, under oath, informed me that he gave written notice to his insurer, Continental, regarding Boys' claims sometime between July and December 2007."[5] Dingler Aff., Civ. No. 3:10–cv–533, Dkt. # 28, Ex. 3, ¶ 4. Continental asserts, however, that it never received any notice of Boys's claim against Olmer during either the policy period or the sixty-day automatic extended reporting period. Continental also provided two affidavits to show that it never received any notice. In one of the affidavits, Laura B. Frankel, a Claims Consulting Director in the Lawyers Professional Liability Claims unit of Continental, declared that "Continental has no record of ever having received notice of any

claim or potential claim by Bruce Boys ("Boys") during the October 15, 2006 to October 15, 2007 policy period for the Policy or during the Policy's sixty-day automatic extended reporting period, which terminated on December 14, 2007." Frankel Aff., Civ. No. 3:10–cv–533, Dkt. # 23, ¶ 5. Continental claims that Olmer did not request a defense from Continental in connection with Boys's claim and it first learned of Boys's claim when it received the complaint in the instant case in March of 2010. Continental also provided the affidavit of Mary E. Poland, an underwriter for Kronholm Insurance Services ("Kronholm"), an insurance agency in Connecticut. Olmer purchased the Policy through Kronholm and subsequently corresponded with Kronholm about claims or potential claims. In Poland's affidavit, she stated that she "diligently searched all of Kronholm's pertinent records [and] [t]hat search revealed that Kronholm has no record of ever having received notice or request for coverage of any kind regarding any claim or potential claim by Bruce Boys ("Boys") against the Firm or Mr. Olmer." Poland Aff., Civ. No. 3:10–cv–533, Dkt. # 29, Ex. 1, ¶ 3.

## II. Discussion

### A. Summary Judgment Standard

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); White v. ABCO Eng'g Corp., 221 F.3d 293, 300 (2d Cir.2000); Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir.2000) (citing Gallo v. Prudential Resi-

---

5. The Court notes the absence of any documentary evidence, such as the hearing transcript, to support Dingler's recollection of Olmer's testimony.

*dential Servs., L.P.*, 22 F.3d 1219, 1223 (2d Cir.1994)). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505, and present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir.2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *Graham*, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." *Carlton*, 202 F.3d at 134. Consistent with this standard, all evidence favorable to the non-moving party must be credited if a reasonable jury could credit it. Evidence favorable to the moving party, on the other hand, must be disregarded unless a reasonable jury would have to credit it because it comes from a disinterested source and is uncontradicted and unimpeached. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. *Sologub v. City of New York*, 202 F.3d 175, 178 (2d Cir.2000).

### B. Coverage of Boys's Claim Against Olmer

■ Continental has moved for summary judgment arguing that Boys's claim against Olmer is not covered under the terms of the Policy because Olmer failed to report in writing Boys's claim to Continental during the policy period. Both counts of Boys's complaint in the present action depend on whether Boys's claim against Olmer is covered under the Policy.[6]

■ Under Connecticut law, "[i]t is the function of the court to construe the provisions of the contract of insurance." *QSP, Inc. v. Aetna Cas. & Sur. Co.*, 256 Conn. 343, 351, 773 A.2d 906 (2001). "If the words in the policy are plain and unambiguous ... the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning, and courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties." *Buell Indus., Inc. v. Greater N.Y. Mut. Ins. Co.*, 259 Conn. 527, 545, 791 A.2d 489 (2002). "Each and every sentence, clause, and word of a contract of insurance should be given operative effect. Since it must be assumed that each word contained in an insurance policy is intended to serve a

---

**6.** First, Boys's claim against Continental, pursuant to Conn. Gen.Stat. § 38a–321, requires that a loss occurred under the Policy. *See* Conn. Gen.Stat. § 38a–321 (2011) ("Each insurance company which issues a policy to any person, firm or corporation, insuring against loss or damage on account of the bodily injury or death by accident of any person, or damage to the property of any person, for which loss or damage such person, firm or corporation is legally responsible, shall, *whenever a loss occurs under such policy*, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty." (emphasis added)).

Second, Boys's claims under CUIPA, Conn. Gen.Stat. § 38a–816, and CUTPA, Conn. Gen. Stat. § 42–110b, are based upon Continental's allegedly wrongful failure to defend Olmer in Boys's malpractice action. As such, these claims depend on whether Boys's claim against Olmer is covered under the Policy.

purpose, every term will be given effect if that can be done by any reasonable construction...." *Id.* at 539, 791 A.2d 489.

Here, the parties do not dispute the Policy language. Boys does not dispute that Olmer was required to give written notice of Boys's claim to Continental between October 25, 2006 and December 14, 2007 in order for the claim to be covered under the Policy. Boys presented the affidavits of Olmer and Dingler to show that Olmer complied with the Policy's notice requirements. Both affidavits, however, fail to create a genuine issue of material fact whether Olmer gave *written* notice to Continental. Although this Court must draw all reasonable inferences in favor of the non-moving party, Boys has not presented sufficient evidence to allow a reasonable jury to conclude that Olmer gave written notice of Boys's claim to Continental during the relevant policy period.

### 1. Olmer's Affidavit

■ Olmer's affidavit merely stated that "to the best of my recollection, I informed my agent" that Olmer had received a letter from Boys making a legal malpractice claim on June 20, 2007. Even if the Court takes this assertion as true, Olmer failed to comply with the Policy's express requirement of written notice to Continental. The Policy set out the reporting requirements in clear and unambiguous language, specifying multiple times that notice of claims must be "reported in writing to the Company" and that the insured must give "written notice to the Company." Courts strictly construe the reporting requirements in claims-made insurance policies and give effect to every word in the policies. *See Sayet v. N. River Ins. Co.*, Civ. No. 3:93CV2442 (AVC), 1995 U.S. Dist. LEXIS 5345, at *11 (D.Conn. Mar. 7, 1995) ("Since the reporting requirements in a claims-made policy define the scope of the policy's coverage, the court construes

those requirements strictly."); *Gulf Ins. Co. v. Murdock Claim Mgmt. Corp.*, No. HHDX04CV044022252S, 2009 WL 2872511, at *12 (Conn.Super.Ct. Aug. 4, 2009) ("[R]eporting requirements in claims-made policies are strictly construed and enforced....").

Olmer's affidavit does not state that he gave written notice to Continental; instead Olmer merely stated that he "informed" his agent. Kronholm has asserted that it had no record of any notice from Olmer of Boys's claim, either oral or written. Thus, Continental's assertion that it did not receive written notice of Boys's claim until it received the complaint in the present action in March of 2010 is uncontradicted.

■ Further, Olmer's vague and conclusory affidavit is insufficient to defeat Continental's motion for summary judgement. The Second Circuit has held that affidavits in opposition to summary judgment must be based upon "concrete particulars, not conclusory allegations." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 451 (2d Cir. 1999). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Id.* at 452; *see also Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir.2008) ("A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory or based on speculation." (internal citations omitted)); *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.1996) ("Though we must accept as true the allegations of the party defending against the summary judgment motion, drawing all reasonable inferences in his favor, ... conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." (internal citations omitted)); *McPherson v. N.Y.*

*City Dep't of Educ.*, 457 F.3d 211, 215 n. 4 (2d Cir.2006) ("[S]peculation alone is insufficient to defeat a motion for summary judgment."). Olmer's affidavit does not set forth any "concrete particulars" or specific facts to show what form of notice he provided, including whether it was written notice as the Policy expressly required, or when he gave such notice and to whom he gave such notice.

As such, Olmer's affidavit does not constitute sufficient evidence that Olmer provided written notice to Continental of Boys's claim, as the Policy expressly required as a condition precedent to coverage.

### 2. Dingler's Affidavit

■ Boys also provided Dingler's affidavit in which Dingler stated that he heard Olmer, under oath in an "Examination of Judgment Debtor Hearing," state that he gave written notice to Continental regarding Boys's claim sometime between July and December 2007. An affidavit used to oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(e). "[H]earsay testimony . . . that would not be admissible if testified to at the trial may not properly be set forth in [the Rule 56(e) ] affidavit." *Major League Baseball Props., Inc.*, 542 F.3d at 310. Dingler's statement as to what Olmer "informed" him is hearsay that would not be admissible at trial to prove the truth of the matter asserted.[7] *See* Fed.R.Evid. 801(c). Moreover, Olmer's own affidavit, in contrast to Dingler's affidavit, does not state that he gave written notice, and thus provides less support for the Dingler representation concerning the testimony.

■ As set forth above, Boys has presented no sufficient evidence to show that Continental received written notice within the policy period and, therefore, the Court finds that Continental was not given timely written notice of Boys's claim. The insurer's receipt of written notice of a claim within the policy period is an essential element to coverage under claims-made policies. *See Cabrera v. United Coastal Ins. Co.*, Nos. CV040833416S, CV040833417S, 2005 WL 1971216, at *5 (Conn.Super.Ct. July 18, 2005) ("[T]he provision for a notice period in a claims made policy is material to the coverage which is provided."); *Am. Home Assurance Co. v. Abrams*, 69 F.Supp.2d 339, 346 (D.Conn. 1999) ("The essence of a claims-made policy is notice to the carrier within the policy period."); *ITC Invs., Inc. v. Emp'rs Reinsurance Corp.*, No. CV98115128, 2000 WL 1996233, at *15 (Conn.Super.Ct. Dec. 11, 2000) ("The notice provision of a claims made policy is just as important to coverage as the requirement that the claim be asserted during the policy period. If the insured does not give notice within the contractually required time period, . . . there is simply no coverage under the policy."). Thus, Boys's claim against Olmer is not a covered claim under the Policy. *See Cabrera*, 2005 WL 1971216, at *7 (holding that "[t]he undisputed facts show that [the insurer] was not provided with notice within the time period set forth in the policy" and, therefore, "there is no coverage for the plaintiffs' claims"). Because the Court finds that Boys's claim against Olmer is not covered under the Policy, all of Boys's dependent causes of

---

7. Boys argues in his memorandum in opposition to Continental's motion for summary judgment that Dingler's affidavit statement is not hearsay because it is not offered for the truth of the matter asserted. The Court rejects this argument and finds that this statement is hearsay. *See* Fed.R.Evid. 801(c).

action against Continental must fail. *See Sayet,* 1995 U.S. Dist. LEXIS 5345, at *2 n. 1 (finding that "[s]ince the court concludes that the defendants acted properly in denying coverage, the plaintiff's dependent allegations must likewise fail").

### III. Conclusion

Accordingly, the defendant's motion for summary judgment [Dkt. # 21] is GRANTED. The Clerk is ordered to close this case.