17-635-cv (L)
Toussaint v. NY Dialysis Servs., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand seventeen.

PRESENT:  GUIDO CALABRESI,
          RAYMOND J. LOHIER, JR.,
                *Circuit Judges*,
          EDWARD R. KORMAN,
                *District Judge*.*

-------------------------------------------------------------------

LESLIE TOUSSAINT,

    *Plaintiff–Appellant–Cross-Appellee*,

                v.                          Nos. 17-635 (L), 17-636 (XAP)

NY DIALYSIS SERVICES, INC.,

    *Defendant–Appellee–Cross-Appellant*.**

---

* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

** At oral argument, counsel for NY Dialysis Services withdrew its cross appeal of the District Court's denial of its motion for sanctions pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11(b).

--------------------------------------------------------------------

FOR APPELLANT:           MICHAEL H. SUSSMAN, Sussman &
                         Associates, Goshen, NY.

FOR APPELLEES:           EVE I. KLEIN (Katelynn M. Gray, *on
                         the brief*), Duane Morris LLP, New
                         York, NY.

Appeal from a judgment of the United States District Court for the

Southern District of New York (Kenneth M. Karas, *Judge*).   UPON DUE

CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

that the judgment of the District Court is AFFIRMED.

Leslie Toussaint appeals from a judgment of the District Court (Karas, J.)

granting summary judgment to NY Dialysis Services, Inc. ("NYDS") on his race

discrimination claim under 42 U.S.C. § 1981 and section 296 of the Executive Law

of the State of New York.   We assume the parties' familiarity with the facts and

record of the prior proceedings, to which we refer only as necessary to explain our

decision to affirm.

On summary judgment, claims for race discrimination under section 296

and 42 U.S.C. § 1981 are analyzed under the familiar burden-shifting framework

set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04 (1973).   See

Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010) (42 U.S.C. § 1981);

*Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000) (section 296).

Under that framework, once a plaintiff who lacks direct evidence of discrimination establishes a prima facie case, the burden of production shifts to the defendant to "offer a legitimate nondiscriminatory reason for the termination." *Ruiz*, 609 F.3d at 491–92. If the defendant is able to do so, the plaintiff must show that the defendant's proffered reason was a pretext for discrimination. *Id.* at 492.

Toussaint first argues that the District Court erred in holding that because no reasonable jury could conclude that he was terminated "under circumstances giving rise to the inference of discrimination," he failed to make a prima facie case of race discrimination. *Id.* "A plaintiff may raise such an inference by showing that the employer subjected him to disparate treatment, that is, treated him less favorably than a similarly situated employee outside his protected group." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000). Toussaint argues that NYDS treated him less favorably than Amanda Warbington, the "non-black technician who provoked his response."[1] Joint App'x 15.

---

[1] Except for his contention that Warbington was treated more favorably, Toussaint offers no evidence, or even allegations, that he was discriminated against on the basis of race.

3

But even assuming arguendo that Toussaint had established a prima facie case, he failed to demonstrate that NYDS's proffered reason for his firing was pretextual. Toussaint argues that a reasonable jury could so conclude because NYDS incorrectly credited Warbington's account of the September 13 incident, while rejecting Toussaint's. But "we are decidedly not interested in the truth of the allegations against plaintiff. We are interested in what motivated the employer." McPherson v. N.Y.C. Dep't of Educ., 457 F.3d 211, 216 (2d Cir. 2006) (quotation marks omitted). Toussaint failed to adduce any evidence that NYDS did not sincerely believe Warbington's account or that otherwise would permit a reasonable factfinder to conclude that race was the real reason for Toussaint's termination. See Graham, 230 F.3d at 44.

We have considered Toussaint's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4