16-4095-cv
McGuire-Welch v. The House of the Good Shepherd

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
_Circuit Judges_.

------------------------------------------------------------------------
KATHLEEN MCGUIRE-WELCH,

_Plaintiff-Appellant_,

v.                                                          No. 16-4095-cv

THE HOUSE OF THE GOOD SHEPHERD, THE HOUSE OF THE GOOD SHEPHERD'S TILTON SCHOOL, SHANNON PERRI, in her individual and official capacity, ZYGMUNT MALOWICKI, in his individual and official capacity,

_Defendants-Appellees_,

JOHN DOES, JANE DOES,

_Defendants_.

------------------------------------------------------------------------
APPEARING FOR APPELLANT:        A.J. BOSMAN, Bosman Law Firm, L.L.C., Rome, New York.

APPEARING FOR APPELLEES:     ROBERT J. THORPE (Christopher J. Harrigan, *on the brief*), Barclay Damon, LLP, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 4, 2016, is AFFIRMED.

Plaintiff Kathleen McGuire-Welch appeals from an award of summary judgment in favor of defendants The House of the Good Shepherd ("HGS"), The House of the Good Shepherd's Tilton School ("the Tilton School"), the Tilton School Coordinator of Educational Services Shannon Perri, and HGS Assistant Executive Director Zygmunt Malowicki, on McGuire-Welch's claims of (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296; and (2) retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 *et seq.*; and the NYSHRL. Specifically, McGuire-Welch claims she was terminated from her position as Committee for Special Education Chairperson at the Tilton School because of her age and in retaliation for her advocacy on behalf of disabled students.

We review an award of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences and resolving all ambiguities in that party's favor. *See Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 47 (2d Cir. 2012). We "may affirm on any basis for which there is

2

sufficient support in the record." *Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202, 205 (2d Cir. 2006). In applying these principles here, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

1. Age Discrimination Claims

Age discrimination claims brought under the ADEA and NYSHRL are governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *See Kovaco v. Rockbestos-Surprenant Cable Corp.*, 834 F.3d 128, 136 (2d Cir. 2016); *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015). Under this framework, "the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 168 (2d Cir. 2014) (internal quotation marks omitted). Upon such a showing, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for its action." *Id.* (internal quotation marks omitted). If the defendant proffers such a reason, "the presumption raised by the *prima facie* case is rebutted and drops from the case," *Kovaco v. Rockbestos-Surprenant Cable Corp.*, 834 F.3d at 136 (internal quotation marks omitted), and "the plaintiff must prove that the employer's proffered reason was a pretext for discrimination," *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 215 (2d Cir. 2006), though "the trier of fact may still consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom on the issue of whether the defendant's explanation is pretextual," *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (internal quotation marks and alteration omitted). To carry her

3

ADEA pretext burden, the plaintiff must prove age was the "but-for" cause of the challenged employment action, *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010), and we have assumed, without deciding, that this standard also applies to age discrimination claims under the NYSHRL, *see id.* at 105 n.6.[1]

The parties do not here dispute that McGuire-Welch made the *de minimis* showing necessary to establish a *prima facie* case of age discrimination, or that defendants articulated a non-discriminatory reason for her termination, namely, poor performance and failure timely to complete tasks required by a Corrective Action Plan implemented to address issues identified by a New York State Education Department ("NYSED") audit of the Tilton School. McGuire-Welch challenges only the district court's conclusion that she failed to adduce sufficient evidence of pretext.

First, McGuire-Welch argues that defendants have provided inconsistent explanations for her termination, stating both that she was terminated for failure timely to complete assignments in connection with the Corrective Action Plan and for sustained poor performance. This court has held that "a jury issue on the question of pretext may be created when an employer offers inconsistent and varying explanations for its decision to terminate a plaintiff." *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 170 (2d Cir. 2001). There is no inconsistency, however, in the explanation here because, as Malowicki attested, McGuire-Welch was terminated due to "her poor performance, [and] most

---

[1] We need not here resolve the issue, because, even if we applied the lower Title VII standard and required only that age was a "motivating factor," *see Shultz v. Congregation Shearith Israel of the City of N.Y.*, 867 F.3d 298, 304 (2d Cir. 2017) (internal quotation marks omitted), we would still conclude McGuire-Welch's NYSHRL age discrimination claim fails.

4

particularly her failure to timely complete tasks in connection with the NYSED Audit and the Corrective Action Plan," App'x 43, and that failure was "the final straw," App'x 599. *See Roge v. NYP Holdings, Inc.*, 257 F.3d at 170 (identifying insufficient evidence of pretext to preclude summary judgment where employer's stated reasons were "variations . . . on the same theme rather than separate inconsistent justifications"). While McGuire-Welch contends this poor performance explanation is not credible because her prior evaluations "had all been positive," Appellant's Br. at 28, her 2010–11 evaluation by Perri's predecessor—although awarding somewhat higher ratings overall—notes some of the same performance issues subsequently cited by Perri, particularly as to the accuracy of McGuire-Welch's work and her planning abilities. And whether or not McGuire-Welch knew about the Corrective Action Plan itself, there is no genuine dispute that McGuire-Welch knew about the tasks she had been assigned under the Corrective Action Plan and failed timely to complete them.

Second, McGuire-Welch contends that defendants departed from their own policy in terminating her without first providing progressive discipline. While an inference of pretext may arise where an employer's deviation from its procedures results in the challenged employment decision, *see Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 313–14 (2d Cir. 1997), the record here demonstrates no such deviation. HGS policy provides that "[l]esser offenses will most likely involve discipline of a progressive nature," but "[m]ore serious offenses may require immediate probation, suspension or discharge without recourse to less[e]r forms of corrective action." App'x 696–97. Given record evidence that defendants considered McGuire-Welch's failure timely to complete

5

tasks related to the Corrective Action Plan to be serious misconduct jeopardizing the Tilton School's educational certification, there was no policy deviation in her termination without lesser corrective action.

Third, although McGuire-Welch argues "it was common knowledge" that Perri had a list of older employees, including McGuire-Welch, whom she planned to terminate, Appellant's Br. at 23, McGuire-Welch adduces no admissible evidence to support this contention. While McGuire-Welch testified that certain co-workers told her Perri intended to terminate her—statements that constitute inadmissible hearsay in any event, *see Rubens v. Mason*, 387 F.3d 183, 188 (2d Cir. 2004)—none of these statements make any reference to age as the basis for any planned terminations. Nor is there record support—beyond McGuire-Welch's own conclusory assertions—for her argument that younger teachers received more positive reviews. *See Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) (recognizing that "reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion").

Fourth, McGuire-Welch cites her testimony that, approximately three weeks after Perri became her supervisor in July 2011, Perri asked McGuire-Welch when she planned to retire. This lone comment, however—which occurred nearly two years before McGuire-Welch was terminated in June 2013—cannot bear the weight McGuire-Welch assigns it. *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001) (recognizing that "stray remarks of a decision-maker" are insufficient to prove an employment discrimination claim).

6

Fifth, McGuire-Welch—who was 60 at the time of her termination—points to her replacement by a 29-year-old. While this court has recognized that replacement by a significantly younger employee can give rise to an inference of discrimination, *see Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 135 (2d Cir. 2000), we have also stated that "a disparity in the ages of a[] . . . plaintiff and her replacement . . . will not, by itself, always suffice" to show an employer's proffered reason is a pretext for discrimination, *Banks v. Travelers Cos*., 180 F.3d 358, 367 (2d Cir. 1999). That is the case here. Moreover, although McGuire-Welch suggests that her younger replacement had less experience, she produces no evidence that her replacement was unqualified.

Finally, to the extent McGuire-Welch complains generally that Perri was antagonistic toward her, such claims of unfair treatment do not satisfy her burden to show unlawful age discrimination. *See Grillo v. N.Y.C. Transit Auth.,* 291 F.3d 231, 235 (2d Cir. 2002) (upholding summary judgment award to defendant where, even crediting plaintiff's claim that "he was unfairly singled out for punishment," plaintiff did not establish such treatment was due to a discriminatory motive); *Norton v. Sam's Club*, 145 F.3d 114, 120 (2d Cir. 1998) (recognizing that anti-discrimination law "does not make employers liable for doing stupid or even wicked things" but only "for *discriminating*, for firing people on account of their age" (emphasis in original)).

In sum, because McGuire-Welch failed to adduce sufficient evidence to show that defendants' articulated reason for her termination was a pretext for age discrimination, defendants were entitled to summary judgment on her discrimination claims. *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d at 470 (affirming summary judgment in favor

7

of defendant where plaintiffs "met their *de minimis* burden of establishing a *prima facie* case of age discrimination," but "failed to produce sufficient evidence to support a rational finding that the non-discriminatory . . . reasons proffered by the defendant for the challenged employment actions were false").

2.     Retaliation Claims

Retaliation claims under the ADA, Rehabilitation Act, and NYSHRL are also governed by the *McDonnell Douglas* burden-shifting framework. *See Widomski v. State Univ. of N.Y. (SUNY) at Orange*, 748 F.3d 471, 476 (2d Cir. 2014); *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013); *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). To carry her *prima facie* burden, McGuire-Welch had to show that (1) she engaged in protected activity, (2) the employer was aware of this activity, (3) she was subjected to an adverse employment action, and (4) a causal connection existed between the adverse employment action and her protected activity. *See Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 148 (2d Cir. 2002). Defendants then had to proffer a non-discriminatory reason for the challenged action, whereupon the burden shifted back to McGuire-Welch to show that reason was pretextual. *See Treglia v. Town of Manlius*, 313 F.3d at 721.

McGuire-Welch challenges the district court's determination that she failed to adduce sufficient evidence to support her retaliation claims, arguing that a rational trier of fact could find she was terminated for advocating on behalf of disabled students. We disagree.

8

McGuire-Welch argues on appeal primarily that Perri was improperly concerned with "protect[ing] the image of the Tilton School over the special educational needs of its disabled students," while McGuire-Welch, in contrast, was committed to meeting such students' needs. Appellant's Br. at 34. Even assuming that Perri, unlike McGuire-Welch, failed to prioritize the needs of disabled students, McGuire-Welch does not explain how such facts, by themselves, would support an inference of retaliatory discharge.

McGuire-Welch points to her testimony that, shortly before being terminated, she told another employee, Mary Palmer, that a student who had been released from jail should be allowed to take an exam, but that Palmer informed McGuire-Welch that Perri decided "'the student was not in the right frame of mind' to take the test." App'x 633 McGuire-Welch adduces no evidence, however, that defendants could have reasonably understood the opinion she expressed to Palmer as protesting or opposing unlawful disability discrimination. *See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 15 (2d Cir. 2013); *Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998). Notably, McGuire-Welch does not suggest, much less offer evidence, that she made any complaint or took any other action following Perri's contrary test decision. Her affidavit states simply that she told the student's teacher "it was Defendant Perri's decision and there was nothing [she] could do about it." App'x 634. Accordingly, McGuire-Welch's statement to Palmer that the student should be permitted to take the test does not qualify as protected activity giving rise to a claim of retaliation.

9

In sum, because McGuire-Welch failed to adduce sufficient evidence to make out a *prima facie* case of retaliation, defendants were entitled to summary judgment on this claim.

3.    Conclusion

We have considered McGuire-Welch's remaining arguments and conclude that they are without merit.  Accordingly, the award of summary judgment in favor of defendants is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court