10-3867-cv
Zhao v. Time Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand eleven.

PRESENT:
          ROSEMARY S. POOLER,
          BARRINGTON D. PARKER,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

_____

Guangyu Zhao,

          *Plaintiff-Appellant*,

                    v.                                        10-3867-cv

Time, Inc.,

          *Defendant-Appellee*.

_____

FOR APPELLANT:          Guangyu Zhao, *pro se*, Beijing, China.


FOR APPELLEE:           Andrew B. Lachow, Time, Inc., New York, N.Y.


          Appeal from a judgment of the United States District Court for the Southern District of

New York (Crotty, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Guangyu Zhao, proceeding *pro se*, appeals from the district court's grant of summary judgment to Time, Inc. ("Time") in her employment discrimination action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo*. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of N.Y.*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its decision. In opposing Time's motion for summary judgment, Zhao has attempted to establish only that she was justified in engaging in the conduct for which Time terminated her, not that she never engaged in such conduct. Even if we found her justifications compelling, however, in a discrimination case, this Court is "decidedly not interested in the truth of the allegations against [the] plaintiff," because "the factual validity of the underlying imputation against the employee is not at issue." *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) (internal quotation marks omitted). We are concerned only with the employer's motivation. *Id.* Here, as the magistrate judge and district court correctly found, Zhao has not produced evidence that would permit a rational trier of fact to conclude that her termination was motivated by her gender, race, or national origin, such that Time's proffered performance-based reason for terminating her could be considered a pretext for discrimination.

We have considered Zhao's other arguments on appeal and have found them to be without merit.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2