12-4896-cv
Mendez-Nouel v. Gucci America, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 11th day of October, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

_____

ADOLFO MENDEZ-NOUEL,

          *Plaintiff-Appellant*,

          -v-                                              12-4896-cv

GUCCI AMERICA, INC.,

          *Defendant-Appellee*.

_____

Appearing for Appellant:     Rick Ostrove, Leeds Brown Law, P.C., Carle Place, N.Y.

Appearing for Appellee:      Michele A. Coyne (Kristina C. Hammond, *on the brief*), Kauff, McGuire & Margolis LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Adolfo Mendez-Nouel ("Mendez") appeals from the November 8, 2012 decision and order of the United States District Court for the Southern District of New York (Engelmayer, *J.*) granting summary judgment in favor of defendant-appellee Gucci America, Inc. ("Gucci") on Mendez's suit alleging a sex-based hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I.  Hostile Work Environment

"[F]or sexual harassment to be actionable, it must be sufficiently severe or pervasive," *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)—both subjectively and objectively, *see, e.g., Harris v. Forklift Sys.*, 510 U.S. 17, 21–22 (1993)—"to alter the conditions of [the victim's] employment and create an abusive working environment," *Meritor,* 477 U.S. at 67 (alteration in original) (internal quotation marks omitted). "And, of course, the plaintiff must establish that the hostile or abusive treatment was because of his or her sex." *Redd v. N. Y. State Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012).

To establish the "severe or pervasive" element of a hostile work environment claim, a plaintiff does not need to show that his "hostile working environment was both severe *and* pervasive; only that it was sufficiently severe *or* sufficiently pervasive, or a sufficient combination of these elements, to have altered [his] working conditions." *Pucino v. Verizon Wireless Commc'ns, Inc.,* 618 F.3d 112, 119 (2d Cir. 2010).  It was not error for the district court to conclude that here, considering "all the circumstances," *Harris*, 510 U.S. at 23, the episodes complained of were "simply too episodic, insufficiently serious, and . . . insufficiently tied to his gender or sexual orientation, to have materially altered the conditions of [Mendez's] employment."

"Common sense, and an appropriate sensitivity to social context, will enable courts and juries to distinguish between simple teasing or roughhousing among members of the same sex, and conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998). View in the light most favorable to Mendez, the record indicates two instances of touching, the more significant being an incident in which Mendez's supervisor touched his lower back for four to five seconds. There was also workplace banter about a supervisor's sexual orientation and nightlife, and a single occasion where a supervisor told Mendez he was gay but "[y]ou just don't know it." Taken together, the alleged conduct does not rise to the level of a hostile work environment. *See Redd*, 678 F.3d at 177 (discussing "[t]he line between complaints that are easily susceptible to dismissal as a matter of law and those that are not," with "[c]asual contact . . . normally . . . unlikely to create a hostile environment *in the absence of aggravating circumstances such as continued contact after an objection*," and "[d]irect contact with an intimate body part constitut[ing] one of the most severe forms of sexual harassment." (Emphasis in original) (internal citations and quotation marks omitted).  Thus, we affirm the district court's grant of summary judgment on Mendez's hostile work environment claim.

## II.      Retaliation

On Mendez's retaliation claim, the district court granted summary judgment on the basis that the record contained only a "weak issue of fact" as to pretext and the evidence of a legitimate, nondiscriminatory reason for Mendez's termination was abundant.  This is consistent with *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000), which reasoned that "an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred."

It is undisputed that Gucci began an investigation after one of Mendez's colleagues expressed concerns about his behavior to Gucci's Human Relations department. That investigation revealed that other employees were disturbed by Mendez's seemingly unstable and distracted actions, providing Gucci with an "abundant" independent basis for terminating Mendez.  Further, although Mendez argues that the investigation into the complaints lodged against him was in and of itself pretextual and that the complaints were untrue, the record shows that Gucci's HR department took the investigation seriously, with copious notes memorializing conversations with other employees.  Mendez has not put forward evidence that suggests unresolved questions of material fact with respect to his termination and Gucci's motive.  *See McPherson v. N. Y. C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) ("In a discrimination case . . . we are decidedly not interested in the truth of the allegations against the plaintiff. We are interested in what '*motivated* the employer,' the factual validity of the underlying imputation against the employee is not at issue." (internal citation omitted)).  Thus, we also affirm the district court's grant of summary judgment as to Mendez's retaliation claim.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk