12-4226-cv
*Wolf v. Time Warner, Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

TAMSIN WOLF,

> *Plaintiff-Appellant,*

> v.

TIME WARNER, INC.,

> *Defendant-Appellee.*

No. 12-4226-cv

_____

**FOR PLAINTIFF-APPELLANT:**     HERBERT EISENBERG (Julian R. Birnbaum, *on the brief*), Eisenberg & Schnell LLP, New York, NY.

**FOR DEFENDANT-APPELLEE:**     MICHAEL DELIKAT, Orrick, Herrington & Sutcliffe LLP, New York, NY (Rachel G.

Skaistis, *on the brief*, Cravath, Swaine & Moore LLP, New York, NY).

Appeal from the September 17, 2012 decision of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff Tamsin Wolf appeals from an order of the District Court granting summary judgment to defendant Time Warner, Inc. ("Time Warner") on Wolf's claims of age and "sex-plus-age" discrimination and retaliation under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act (the "ADEA"), and the New York City Human Rights Law ("NYCHRL"). We assume familiarity with the underlying facts and procedural history of this case.

We review *de novo* an order granting summary judgment and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal alterations and quotation marks omitted). We affirm when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of N.Y.*, 316 F.3d 93, 100 (2d Cir. 2002).

## DISCUSSION

### 1. Discrimination

We analyze Wolf's discrimination claims under Title VII and the ADEA under the three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (applying the *McDonnell Douglas* framework to employment discrimination claims brought under Title VII); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (holding that this Court continues to apply the *McDonnell Douglas* burden-shifting framework for ADEA claims).

Under that test, "a plaintiff first bears the minimal burden of setting out a *prima facie* discrimination case, and is then aided by a presumption of discrimination unless the defendant proffers a legitimate, nondiscriminatory reason for the adverse employment action, in which event, the presumption evaporates and the plaintiff must prove that the employer's proffered reason was a pretext for discrimination." *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 215 (2d Cir. 2006) (internal quotation marks omitted).

On appeal, Wolf argues that the District Court erroneously analyzed the evidence and thus wrongly concluded that she did not present sufficient evidence of pretext. Specifically, Wolf asserts

that the District Court admitted evidence of workplace complaints against her and negative performance evaluations of her for the limited, non-hearsay purpose of proving that Time Warner received them, but then improperly relied upon their content in concluding that Time Warner had a non-discriminatory reason to fire her.

Upon an independent review of the record, viewing all evidence in the light most favorable to Wolf, we agree with the District Court and hold that she has not presented sufficient evidence of pretext to defeat a summary judgment motion. We reach this conclusion substantially for the reasons stated by the District Court in its comprehensive and well-reasoned opinion of September 17, 2012. *Wolf v. Time Warner, Inc.*, No. 09 Civ. 6549, 2012 WL 4336232 (S.D.N.Y. Sept. 17, 2012).

Wolf contests the veracity of the multiple complaints lodged by various Time Warner employees against her during the relevant time period, as well as the negative "feedback" she received in her performance evaluations. However, "in a discrimination case, . . . we are decidedly not interested in the truth of the allegations against plaintiff. We are interested in what *motivated* the employer; the factual validity of the underlying imputation against the employee is not at issue." *McPherson,* 457 F.3d at 216 (emphasis in original) (internal citation and quotations marks omitted). Regardless of whether this criticism of Wolf from multiple colleagues was warranted, she does not dispute the fact that her supervisors received it, and as a result, put her on probation in April of 2007.

Furthermore, while Wolf's claim stems in large part from a comment about her age made by her colleague Harry Spencer in 2005, Wolf has presented little, if any, evidence of age- or "sex-plus-age"-based animus on the part of Brenda Karickhoff and Kimmberly Bulkley, Wolf's supervisors who fired her in 2007. Karickhoff and Bulkley made the decision to terminate Wolf's employment after closely observing her performance, attitude, and conduct for at least six months, including what they considered to be her mismanagement of the maternity leave of Norma Mero, whom Wolf supervised. There is also little, if any, evidence of age- or "sex-plus-age"-based animus against Wolf on the part of other colleagues who reported negative comments about her, including Rob Friedrich, Mary James, Gabrielle Haskell, Cindy O'Hagan, Christina Kennedy, and Ed Weiss. Thus, Time Warner presented a sufficiently non-discriminatory basis for firing her, and Wolf has not presented evidence establishing any material question of fact that might suggest that Time Warner's decision was a pretext for discrimination.

In challenging the District Court's entry of summary judgment, Wolf relies on our decision in *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93 (2d Cir. 2010), but the case at bar is distinguishable from the facts in *Gorzynski.* There, we found that the District Court had erroneously granted summary judgment on plaintiff's age discrimination claim because we concluded that she had presented sufficient evidence of pretext. *Id.* at 107-10 (finding that: complaints about the plaintiff's performance were minimal and only surfaced after her complaint of discrimination; her negative performance evaluation was conducted by an individual accused of discrimination, and conducted after he had supervised her for only one week; plaintiff's probationary status stemmed directly from this faulty performance evaluation; there were several questions related to the event precipitating plaintiff's firing and the subsequent investigation; and there was considerable evidence that younger

employees were treated differently). None of the indicators of pretext from *Gorzynski* are present here.

## 2. Retaliation

Wolf contends that she was discharged in retaliation for a complaint she sent to Bulkley, Karickhoff, and a Human Resources employee in June 2007, stating that she was the victim of age discrimination. To prove retaliation, Wolf must show that this complaint was a "but for" cause of her termination. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar,* —— U.S. ——, ——, 133 S. Ct. 2517, 2528, 186 L. Ed. 2d 503 (2013) ("Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action.").

The evidence of retaliatory intent asserted by Wolf includes the temporal proximity of approximately two months between her complaint and discharge, the alleged falsity of the complaints against her, her asserted success in complying with the probationary program she was put on, and Karickhoff's characterization of the complaint as an "intervening event." Appellant's Br. at 15, 37. In light of the evidence in the record indicating that Time Warner had received numerous complaints about Wolf and had placed her on a probationary program, all before receiving her discrimination complaint, we cannot conclude that "but for" her complaint, she would not have been fired. We agree with the District Court that Wolf has not made a *prima facie* case of retaliation.

## 3. New York City Human Rights Law Claim

We recently clarified the standard that applies to discrimination claims brought under the NYCHRL after revisions made by the New York City Council in 2005. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108-09 (2d Cir. 2013). We held that claims under the NYCHRL are to be evaluated separately from federal and state law claims. *Id.* at 109. To state a claim for discrimination, a plaintiff must only show differential treatment of any degree based on a discriminatory motive; then, "the employer may present evidence of its legitimate, non-discriminatory motives to show the conduct was not caused by discrimination, but it is entitled to summary judgment on this basis only if the record establishes as a matter of law that discrimination played *no* role in its actions." *Id.* at 110 n.8 (emphasis in original) (internal quotation marks and alterations omitted).

*Mihalik* also established a broad standard for evaluating retaliation claims. *See id.* at 112. "[T]o prevail on a retaliation claim under NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Id.* (citations omitted).

Although *Mihalik* was decided after the District Court's ruling in the case at bar, we hold that the conclusions would be the same under the clarified standards. Wolf does not present any persuasive evidence that she was treated differently because of her age or her "sex-plus-age." Similarly, as explained above, Wolf's discrimination complaint—which allegedly impelled the

retaliatory termination—occurred after numerous complaints by colleagues and negative observations by her superiors, and after she was already on a probationary program.

In sum, Wolf's claims under NYCHRL are without merit.

## CONCLUSION

We have considered all of Wolf's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the September 17, 2012 decision of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk