Vasquez v. New York City Department of Education et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         REENA RAGGI,
                      Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

ANGEL VASQUEZ,
         Plaintiff-Appellant,

         -v.-                                    15-2185

NEW YORK CITY DEPARTMENT OF EDUCATION
& PAULA CUNNINGHAM,
         Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          JOSHUA BELDNER, Tilton Beldner
                        LLP, Uniondale, New York.

FOR APPELLEES:          DAMION K. L. STODOLA, Assistant
                        Corporation Counsel (with
                        Richard Dearing, on the brief),
                        for Zachary W. Carter,
                        Corporation Counsel of the City
                        of New York, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Angel Vasquez appeals from the March 5, 2014 Decision and Order[1] of the United States District Court for the Southern District of New York (Nathan, J.), granting summary judgment with respect to the termination of Vasquez's probationary employment in favor of defendants-appellees New York City Department of Education ("DOE") and Principal Paula Cunningham on claims of employment discrimination under the Equal Protection Clause, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The sole issue on appeal is whether Vasquez adduced sufficient evidence from which a rational jury could find that the defendants' proffered legitimate, nondiscriminatory reason for Vasquez's termination was pretext for discrimination based on sex or race. See Vivenzio v. City of Syracuse, 611 F.3d 98, 106 (2d Cir. 2010) ("The substantive standards applicable to claims of employment discrimination under Title VII . . . are also generally applicable to claims of employment discrimination brought under . . . the Equal Protection Clause, and the NYSHRL . . . ."). The defendants relied on the results of an investigation conducted by the Special Commissioner of Investigation ("SCI"). The SCI investigation, conducted independently of Principal Cunningham, substantiated allegations that Vasquez physically and verbally abused students based, in part, on his own admissions during the investigation.

---

[1] Judgment was entered on June 15, 2015, after a two-day trial at which a jury awarded Vasquez $22,700 on a separate sex-based discrimination claim (failure to be reappointed to his position running an after-school basketball program in January 2010, several months prior to the events leading to Vasquez's termination).

Vasquez argues that Cunningham withheld evidence from SCI investigators. The record belies this assertion. Cunningham established that her assistant principals were aware of protocol requiring the forwarding of pertinent information to investigators, and told a teacher who approached her with potentially probative information to report that information to the superintendent's office. Vasquez cites an error in the disciplinary letter; but the mistake was rectified, and in any event, the discrepancy has no impact on the physical and verbal misconduct attributed to Vasquez, including conduct he admitted to SCI investigators. In essence, Vasquez takes issue with a number of the allegations levied against him; however, the veracity of these allegations is immaterial to the question of pretext. See McPherson v. New York City Dep't of Educ., 457 F.3d 211, 216 (2d Cir. 2006) ("In a discrimination case, however, we are decidedly not interested in the truth of the allegations against plaintiff. We are interested in what '*motivated* the employer'; the factual validity of the underlying imputation against the employee is not at issue." (emphasis in original) (quoting United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 716 (1983))).

The grant of summary judgment on Vasquez's NYCHRL claim was similarly proper. Although NYCHRL claims must be adjudicated "separately and independently from any federal and state law claims" and are construed "'broadly in favor of discrimination plaintiffs,'" "a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by discriminatory or retaliatory motives." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109, 113 (2d Cir. 2013) (quoting Albunio v. City of New York, 947 N.E.2d 135, 137 (N.Y. 2011)). Vasquez adduced no evidence that either race or sex discrimination influenced his termination. See Bennett v. Health Mgmt. Sys., Inc., 92 A.D.3d 29, 46 (N.Y. App. Div. 2011) ("Plaintiff put forward no evidence that defendant's explanations were pretextual, nor any evidence that a discriminatory motive coexisted with the legitimate reasons supported by defendant's evidence.").

For the foregoing reasons, and finding no merit in Vasquez's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK