16-825
*Howell v. Montefiore Medical Center*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 30th day of January, two thousand seventeen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
                 AMALYA L. KEARSE,
                 DEBRA ANN LIVINGSTON,
                      *Circuit Judges*.

KENNETH HOWELL,

    *Plaintiff-Appellant*,

     - v -                     No. 16-825

MONTEFIORE MEDICAL CENTER,

    *Defendant-Appellee*,

For Plaintiff-Appellant:              Thomas Ricotta, Ricotta & Marks, P.C.,
                                                    Long Island City, NY.

For Defendant-Appellee:            Joseph E. Field, Littler Mendelson P.C.,
                                                    New York, NY.

1

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Following his termination, plaintiff-appellant Kenneth Howell brought claims against his employer, defendant-appellee Montefiore Medical Center ("Montefiore"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*. The district court granted summary judgment to Montefiore on all of Howell's claims. Howell appeals from the grant of summary judgment on his claim that he suffered retaliation for his complaints of discrimination. Specifically, Howell challenges the district court's conclusion that he did not provide any evidence that Montefiore's proffered legitimate, non-discriminatory reasons for its actions against him were pretextual. We affirm the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, construing evidence in the light most favorable to appellant, to determine whether there is a genuine dispute as to any material fact. *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 842–43 (2d Cir. 2013).

Howell argues that Montefiore's proffered reasons for his termination were pretextual, contending that Montefiore's investigation into a November 30, 2012 altercation between Howell and a coworker was conducted in bad faith. Specifically, Howell points to evidence, considered by Montefiore's investigator, that weighed against the investigator's ultimate conclusion that Howell was at fault during the November 30, 2012 altercation. Even if we assume that this evidence raises a triable issue of fact as to what happened on November 30, 2012, we have explained that "[i]n a discrimination case, . . . we are decidedly not interested in

the truth of the allegations against plaintiff. We are interested in what 'motivated the employer' . . . ." *McPherson v. NYC Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) (emphasis omitted) (quoting *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983)). The evidence on which Howell relies does not bear on Montefiore's motivation and does not suggest that Montefiore's investigation was conducted in bad faith. Accordingly, it is not material to the disposition of Howell's retaliation claim.

Howell also argues that Montefiore's proffered reasons for its actions against him were pretextual because the other employee involved in the November 30, 2012 altercation was similarly situated to him but was not disciplined or terminated following the incident. However, there is no dispute that Howell had an extensive disciplinary history, including a prior termination later converted to a suspension, while the other employee had no disciplinary history. Accordingly, Howell and the other employee were not similarly situated for Title VII purposes. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39–40 (2d Cir. 2000).

Finally, Howell argues that he did not have notice that aggressive and belligerent behavior could result in his termination. This is neither relevant nor accurate. Howell's notice, or lack thereof, does not bear on Montefiore's motivations for its actions against him. *See McPherson*, 457 F.3d at 216. In addition, Howell entered into a settlement agreement with Montefiore to resolve an earlier incident involving belligerent and aggressive behavior on Howell's part. This agreement stated that Howell would be subject to termination if he repeated such behavior.

We have considered all of plaintiff-appellant's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK