16-872-cv
Eisner v. Cardozo, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of March, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
            BARRINGTON D. PARKER,
            DEBRA ANN LIVINGSTON,
                 *Circuit Judges*.

_____

SUSAN B. EISNER,

                    *Plaintiff-Appellant*,

            v.                                                      16-872-cv

MICHAEL A. CARDOZO, G. FOSTER MILLS, GEORGIA
PESTANA, MURIEL GOODE-TRUFANT, LEONARD
KOERNER, CITY OF NEW YORK,

                    *Defendants-Appellees*.[1]

_____

Appearing for Appellant:     Edward Hernstadt, Hernstadt Atlas PLLC, New York, NY.

Appearing for Appellee:      Daniel Matza-Brown (Richard Dearing, Claude S. Platton, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

_____

[1] The Clerk of Court is respectfully directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

Plaintiff-Appellant Susan B. Eisner appeals from the February 24, 2016 judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*), granting summary judgment to Defendants-Appellees Michael A. Cardozo, G. Foster Mills, Georgia Pestana, Muriel Goode-Trufant, Leonard Koerner, and the City of New York (collectively "Appellees") on Eisner's Americans with Disabilities Act ("ADA") and New York City Human Rights Law ("NYCHRL") claims for disability discrimination and retaliation. *Eisner v. City of New York*, 166 F. Supp. 3d 450, 452 (S.D.N.Y. 2016). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment *de novo*." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 135 (2d Cir. 2013) (citation omitted). "[S]ummary judgment may be granted only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citations omitted). Further, "[m]aterials submitted in support of or in opposition to a motion for summary judgment must be admissible themselves or must contain evidence that will be presented in admissible form at trial." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169-70 (2d Cir. 2014) (internal quotation marks and citation omitted).

"ADA employment discrimination claims are subject to the familiar burden-shifting analysis established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, [411 U.S. 792 (1973)]: A plaintiff must establish a prima facie case; the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the discharge; and the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext." *Cortes v. MTA N.Y.C. Transit*, 802 F.3d 226, 231 (2d Cir. 2015). Claims for retaliation under the ADA are analyzed under the same burden-shifting framework. *See Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002).

There is, as Eisner notes, an unsettled question of law in this Circuit as to whether a plaintiff must show, in order to succeed on her ADA retaliation claim, that the retaliation was a "but-for" cause of the termination or merely a "motivating factor." *See Wesley-Dickson v. Warwick Valley Cent. Sch. Dist.*, 586 F. App'x 739, 745 n. 3 (2d Cir. 2014). We need not decide this point of law today because Eisner's ADA retaliation claim fails under both tests.

Eisner argues that the district court erred in holding that she had failed to show that Appellees' two bases for her termination, her 2012 evaluation and her billing during Hurricane Sandy, were pretextual. Reviewing the admissible portions of the record as a whole, we hold that the district court did not err.

The overall impression given by the record in this case is that Eisner pursued a discrimination claim in 2009 against her then-supervisor Kristin Helmers, that the Law Department settled those claims with her, and that Eisner subsequently performed poorly in 2011, failed to improve in 2012, and accordingly was terminated in 2013. Eisner critiques the Law Department's treatment of her, but this is ultimately insufficient to carry Eisner's burden to show that the Law Department's two reasons for firing her were pretextual.

For example, Eisner argues that this Court should find striking the differences between her 2011 evaluation (which she does not allege was discriminatory or retaliatory) and her 2012 evaluation, and use those to draw an inference of retaliation. Eisner's 2011 evaluation, however, was hardly glowing. Eisner received an overall grade of 2.5, the worst grade in the Appeals Division by a full point. Although her 2012 evaluation was worse, even the 2012 evaluation was not all negative—Eisner was praised for her grasp of principles of law in less complicated cases and her persuasive writing on subjects with which she was familiar. Certain issues were noted with her performance in more complicated cases, a theme which was present in her 2011 evaluation as well. The two evaluations are therefore similar in theme—Eisner was a fine employee, but required more supervision than others, which became problematic as she became more senior and did not improve. Eisner received a grade of 3.5 in 2012, which was once again the worst grade in the Appeals Division, this time by 1.5 points.

Eisner also suggests a negative inference should be drawn from the timing of her 2012 evaluation in August 2012, shortly after the settlement of her original EEO complaint in July 2012. Eisner conceded, however, that attorney evaluations ran from July 1, 2011 to June 30, 2012, concurrent with the Law Department's fiscal year. The evidence therefore does not support the drawing of a negative inference from the fact that Eisner's 2012 evaluation followed closely on the end of the 2011-2012 fiscal year, just as the 2011 evaluation had done the year previously.

Similarly, Eisner urges the Court to disregard the 2012 evaluation because Koerner, the then-Head of the Appeals Division who was not Eisner's direct supervisor and allegedly did not have direct knowledge of her work, wrote the evaluation. This Court, however, is "decidedly not interested in the truth of the allegations against [Eisner, but only] in what *motivated* the employer; the factual validity of the underlying imputation against [Eisner] is not at issue." *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) (internal quotation marks and citation omitted). Koerner's testimony that he had spoken with both of Eisner's supervisors that year, Stephen McGrath and Frank Caputo (neither of whom are parties to this action), about her work and used that information to complete Eisner's evaluation is thus sufficient to indicate what motivated Koerner's evaluation of Eisner. Further, the *D'Angelo* section in the 2012 evaluation was written by Pestana, then-head of the Labor and Employment Division, who supervised Eisner on that project and had direct knowledge of her work. There is thus a dearth of evidence from which we could draw the negative inference Eisner requests based upon the fact that Koerner completed the evaluation.

We have reviewed the remainder of Eisner's arguments with respect to her ADA retaliation claim and find them to be without merit. Accordingly, we affirm the judgment of the district court granting summary judgment to Appellees on Eisner's ADA retaliation claim.

3

With respect to Eisner's ADA discrimination claim, the district court determined that Eisner had failed to make out a prima facie case of discrimination under the ADA. Eisner argues this was error because Caputo's admission that he talked with Helmers when Eisner was transferred to his team is sufficient to suggest that the discrimination Eisner suffered in 2009 continued until her termination in 2013. This allegation is wholly unsupported in the record—although Caputo does say he spoke with Helmers, Eisner does not provide any evidence to suggest that Caputo discriminated against her and he is not named as a party here. Nor does Eisner point to any other specific instances in which anyone discriminated against her on the basis of her disability following the removal of Helmers as Eisner's supervisor. Eisner merely argues that "every bad act against [her] flowed from her initial complaint" of discrimination—but this argument sounds in retaliation and is insufficient without more to prove continued discrimination. Appellant's Br. at 54. Eisner does not point to any evidence to support her argument that her poor performance reviews were a result of disability discrimination. Moreover, Eisner does not suggest that she requested an accommodation and was denied one beyond the incidents covered by her 2012 settlement. Eisner has accordingly failed to make out a prima facie case of discrimination under the ADA.

Lastly, with respect to Eisner's NYCHRL discrimination claim, we find that the district court's treatment of Eisner's NYCHRL discrimination claim in tandem with her ADA discrimination claim was improper given this Court's clear directive that "courts must analyze NYCHRL claims separately and independently from any federal and state law claims[.]" *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). Accordingly, we vacate the district court's grant of summary judgment with respect to Eisner's NYCHRL discrimination claim for failure to consider the NYCHRL discrimination claim separately from Eisner's ADA discrimination claim. Given the lack of a federal claim remaining, however, we remand Eisner's NYCHRL discrimination claim with instructions to the district court to dismiss the claim without prejudice. *See Oneida Indian Nation of N.Y. v. Madison Cty.*, 665 F.3d 408, 437, 439-40 (2d Cir. 2011) ("[W]e have repeatedly said that if a plaintiff's federal claims are dismissed before trial, the state law claims should be dismissed as well."); *see also* 28 U.S.C. § 1367(c)(3).

We have considered the remainder of Eisner's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED in part, VACATED in part, and REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4