Leslie **TOUSSAINT**, Plaintiff–Appellant–Cross-Appellee,

v.

**NY DIALYSIS SERVICES, INC.**, Defendant–Appellee–Cross-Appellant.*

Nos. 17-635 (L), 17-636 (XAP)

United States Court of Appeals, Second Circuit.

December 19, 2017

vices withdrew its cross appeal of the District

FOR APPELLANT: MICHAEL H. SUSS-MAN, Sussman & Associates, Goshen, NY.

FOR APPELLEES: EVE I. KLEIN (Katelynn M. Gray, on the brief), Duane Morris LLP, New York, NY.

PRESENT: GUIDO CALABRESI, RAYMOND J. LOHIER, JR., Circuit Judges, EDWARD R. KORMAN, District Judge.**

## SUMMARY ORDER

Leslie Toussaint appeals from a judgment of the District Court (Karas, J.) granting summary judgment to NY Dialysis Services, Inc. ("NYDS") on his race discrimination claim under 42 U.S.C. § 1981 and section 296 of the Executive Law of the State of New York. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On summary judgment, claims for race discrimination under section 296 and 42 U.S.C. § 1981 are analyzed under the familiar burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010) (42 U.S.C. § 1981); Weinstock v. Columbia Univ., 224 F.3d 33, 42 n.1 (2d Cir. 2000)

(section 296). Under that framework, once a plaintiff who lacks direct evidence of discrimination establishes a prima facie case, the burden of production shifts to the defendant to "offer a legitimate nondiscriminatory reason for the termination." Ruiz, 609 F.3d at 491–92. If the defendant is able to do so, the plaintiff must show that the defendant's proffered reason was a pretext for discrimination. Id. at 492.

Toussaint first argues that the District Court erred in holding that because no reasonable jury could conclude that he was terminated "under circumstances giving rise to the inference of discrimination," he failed to make a prima facie case of race discrimination. Id. "A plaintiff may raise such an inference by showing that the employer subjected him to disparate treatment, that is, treated him less favorably than a similarly situated employee outside his protected group." Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000). Toussaint argues that NYDS treated him less favorably than Amanda Warbington, the "non-black technician who provoked his response."[1] Joint App'x 15.

But even assuming arguendo that Toussaint had established a prima facie case, he failed to demonstrate that NYDS's proffered reason for his firing was pretextual. Toussaint argues that a reasonable jury could so conclude because NYDS incorrectly credited Warbington's account of the September 13 incident, while rejecting Toussaint's. But "we are decidedly not interested in the truth of the allegations against plaintiff. We are interested in what motivated the employer." McPherson v. N.Y.C. Dep't of Educ., 457 F.3d 211, 216

Court's denial of its motion for sanctions pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11(b).

** Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1. Except for his contention that Warbington was treated more favorably, Toussaint offers no evidence, or even allegations, that he was discriminated against on the basis of race.

(2d Cir. 2006) (quotation marks omitted). Toussaint failed to adduce any evidence that NYDS did not sincerely believe Warbington's account or that otherwise would permit a reasonable factfinder to conclude that race was the real reason for Toussaint's termination. See Graham, 230 F.3d at 44.

We have considered Toussaint's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.