20-866-cv
*Bjorklund v. Golub Corp.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of January, two thousand twenty-one.

PRESENT:  JOSÉ A. CABRANES,
                 MICHAEL H. PARK,
                 WILLIAM J. NARDINI,
                              *Circuit Judges.*

---

GAIL BJORKLUND,

                    *Plaintiff-Appellant,*                                          20-866-cv

          v.

THE GOLUB CORPORATION,

                    *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          James V. Sabatini, Sabatini and Associates, LLC, Newington, CT.

**FOR DEFENDANT-APPELLEE:**          Daniel J. Krisch, Joshua M. Auxier, Halloran & Sage LLP, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Gail Bjorklund ("Bjorklund") sued her former employer, the Golub Corporation ("Golub"), alleging sex- and age-based discrimination under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). The District Court granted Golub's motion for summary judgment on all claims on February 25, 2020. Judgment entered the following day. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant of summary judgment *de novo.*" *Lombard v. Booz-Allen & Hamilton, Inc.,* 280 F.3d 209, 214 (2d Cir. 2002). "Summary judgment may be granted only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 567 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013). The non-moving party cannot defeat a motion for summary judgment with "conclusory allegations or unsubstantiated speculation." *Scottxo v. Almenas,* 143 F.3d 105, 114 (2d Cir. 1998).

A.

"In an employment discrimination case, the plaintiff has the burden at the outset to prove by the preponderance of the evidence a prima facie case of discrimination." *Collins v. N.Y.C. Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002) (internal quotation marks omitted). Discrimination claims under Title VII are analyzed under the *McDonnell Douglas* burden-shifting framework. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82-83 (2d Cir. 2015). Under the *McDonnell Douglas* test, "[f]irst, the plaintiff must establish a *prima facie* case of discrimination by showing that: (1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). The "burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the disparate treatment. If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason was in fact pretext for discrimination." *Vega*, 801 F.3d at 83 (internal quotation marks and citation omitted).

In its *McDonnell Douglas* analysis, the District Court "assume[d], without deciding, that Bjorklund ha[d] established a prima facie case of sex and age discrimination." The burden then shifted to Golub, which articulated a legitimate, non-discriminatory reason for firing Bjorklund, namely, that she had falsified time and temperature logs for food she cooked and set out for sale in

her role as a food service clerk at the food court in Golub's store in Bristol, Connecticut. The burden then shifted back to Bjorklund to prove that Golub's stated reason was pretextual. Here, the District Court found that Bjorklund had failed to meet her burden. We agree.

On appeal, Bjorklund argues that the reason Golub gave for firing her was pretext because she "did not falsify the time and temperature logs." Before the District Court, however, Bjorklund conceded that she failed to enter times and temperatures contemporaneously into her official log and that she belatedly entered times and temperatures into her log while off the clock, in violation of Golub's policy. On appeal, she points to evidence that she wrote down times and temperatures on "a piece of paper" rather than her official log and that she was unable to update her official log contemporaneously "because she was too busy to do so." But Bjorklund has never presented any evidence that this non-contemporaneous informal logging approach could satisfy Golub's well-documented formal food safety policy.

Moreover, to "get to the jury, it is not enough to disbelieve the employer; the factfinder must also believe the plaintiff's explanation of intentional discrimination." *Weinstock*, 224 F.3d at 42 (internal quotation marks and alterations omitted). "In a discrimination case, . . . we are decidedly not interested in the truth of the allegations against plaintiff. We are interested in what *motivated* the employer." *McPherson v. N.Y.C. Dep't. of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) (internal quotation marks omitted). Applying this reasoning here, Bjorklund does not do enough to show that her firing was based on discrimination. Bjorklund conceded in the District Court that her supervisors, who reported her logging failures to Human Resources, subjectively believed that she had violated Golub's food safety policy by failing to even check food temperatures. Further, Bjorklund does not contest that the Human Resources department made the decision to fire her, and that Human Resources was not involved in any of the discriminatory conduct she alleges. And, even if she is right that she did not falsify the logs, she has not demonstrated that Human Resources' decision to fire her for failing to follow Golub policy by not entering times and temperatures in the log book contemporaneously was pretextual.

B.

We also analyze Bjorklund's ADEA age discrimination claim under the *McDonnell Douglas* framework. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). That said, in ADEA cases, a plaintiff trying to show pretext must "raise[] sufficient evidence upon which a reasonable jury could conclude by a preponderance of the evidence that her age was a 'but for' cause of [her employer's] decision to fire her." *Id.* at 107. This is generally a weightier burden. Here, Bjorklund again argues that Golub's reasons for firing her were necessarily pretextual because they were false. We again disagree and find that the District Court correctly identified and applied the applicable law.

## C.

Finally, Bjorklund raises a claim based on "cat's paw" liability for the first time before us. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (alteration omitted). "Although we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice, the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (internal quotation marks and alterations omitted). A "cat's paw" liability argument was available to Bjorklund, and on appeal she provides no explanation for her failure to raise the argument before the District Court. Her argument is therefore waived on appeal and we decline to consider it.

## CONCLUSION

We have reviewed all of the arguments raised by Bjorklund on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 26, 2020, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk