24-11-cv
Laiscell v. Bd. of Educ.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-four.

PRESENT:  RAYMOND J. LOHIER, JR.,
    JOSEPH F. BIANCO,
    ALISON J. NATHAN,
        *Circuit Judges*.

------------------------------------------------------------------

JOANNA LAISCELL,

    *Plaintiff-Appellant*,

    v.                                                    No. 24-11-cv

BOARD OF EDUCATION, CITY OF
HARTFORD,

    *Defendant-Appellee*.

------------------------------------------------------------------

FOR APPELLANT:                     MICHAEL H. SUSSMAN
                                   (Jonathan R. Goldman, *on the brief*), Sussman & Goldman, Goshen, NY

FOR APPELLEE:                      PETER J. MURPHY (Chelsea C. McCallum, *on the brief*), Shipman & Goodwin LLP, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa Lynne Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff JoAnna Laiscell appeals from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*) granting summary judgment in favor of the City of Hartford Board of Education (the "Board"). Laiscell, a Black woman, brought employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, against the Board, her former employer. Laiscell appeals only the dismissal of her retaliation claim. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

"We review a district court's grant of summary judgment *de novo* . . . resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (quotation marks omitted). Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact." *Id.* at 126 (quotation marks omitted). But "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion . . . ." *Penn v. N.Y. Methodist Hosp.*, 884 F.3d 416, 423 (2d Cir. 2018) (quotation marks omitted).

We analyze Title VII retaliation claims under the three-step burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, the employee must establish a *prima facie* case of retaliation. Second, if she does, the employer must proffer a legitimate, non-retaliatory reason for the adverse employment action (here, Laiscell's termination). Third, if the employer proffers a legitimate, non-retaliatory reason, the employee can defeat summary judgment only by pointing to record evidence that would permit a rational finder of fact to infer that the employer's proffered reason was a

3

pretext for impermissible retaliation. *See Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014).

On appeal, Laiscell argues that a reasonable jury could find that the Board's asserted reasons for terminating her were pretextual and that she would not have been terminated but for the fact that ten weeks before she was terminated, she filed a complaint with the Connecticut Commission on Human Rights and Opportunities alleging that she was passed over for promotion on the basis of her race and gender. We disagree.

The Board's letter terminating Laiscell's employment cited her "fraudulent and unprofessional conduct, including but not limited to" maintaining her ex-husband as an eligible dependent on her healthcare plan, costing the school district approximately $6,691; deleting a sentence from an email she forwarded to school superintendents, purportedly minimizing the significance of the ongoing dependent verification audit; and improperly storing certain budget-related files on her laptop. Joint App'x 331–32. The letter further stated that "[s]uch conduct is particularly egregious given [her] stature and position . . . as the Executive Director of Financial Management." Joint App'x 332.

4

Laiscell contends that a reasonable jury could find that the first of the Board's justifications — maintaining her ex-husband as a dependent — was pretextual because other employees who also failed to remove ineligible dependents were not terminated or otherwise seriously disciplined, except for one teacher who was terminated a year later. To be sure, evidence that a Title VII retaliation plaintiff was treated less favorably than similarly situated comparators who had not engaged in protected activity can raise a question of fact as to pretext and preclude summary judgment. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 567–68 (2d Cir. 2000). But Laiscell fails to demonstrate that she and the other employees to whom she points us were "similarly situated in all material respects." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (quotation marks omitted). Among other important differences, "[i]t is undisputed that the only other employees who included ineligible [dependents] on their healthcare plans held positions at a lower level than Ms. Laiscell and were also union members." *Laiscell v. Bd. of Educ.*, No. 20-CV-01463, 2023 WL 6200325, at \*5 (D. Conn. Sept. 22, 2023); *see Graham*, 230 F.3d at 40 (observing that the "similarly situated" inquiry turns in part on "whether the plaintiff and those [s]he maintains were similarly situated were subject to the same workplace

standards"). Moreover, Laiscell does not point to any comparator who engaged in a series of misconduct similar to that cited in the Board's letter terminating her.

Laiscell also challenges the Board's remaining two allegations of misconduct cited in her termination letter. She responds that she properly secured all budget-related files on her laptop and that her decision to remove a sentence from an audit-related email was within her authority, did not alter the email's meaning, and was not misleading given that the omitted sentence was included in other communications to the Board. A Title VII plaintiff may prove pretext "by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013). But "when considering the legitimacy of an employer's reason for an employment action, we look to what *motivated* the employer rather than to the truth of the allegations against the plaintiff." *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 275 (2d Cir. 2016) (cleaned up). Here, the Board based its termination decision on the report of an independent entity it retained — prior to Laiscell's filing of her discrimination complaint — to investigate her misconduct. We see

6

nothing in the record to suggest that the Board did not believe that Laiscell engaged in "unacceptable and wholly unprofessional" misconduct when it elected to terminate her employment. Joint App'x 332. Nor is there anything to suggest that a "bizarre or duplicitous process[]" led the Board to this conclusion. *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 n.7 (2d Cir. 2006).

For these reasons, we conclude that Laiscell failed to rebut the Board's proffered legitimate reasons and raise a triable dispute of fact as to whether "the desire to retaliate was the but-for cause of the challenged employment action." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015) (quotation marks omitted).

We have considered Laiscell's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
