24-2564-cv
Licinio v. New York

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-five.

PRESENT:   RAYMOND J. LOHIER, JR.,
                       SUSAN L. CARNEY,
                       MYRNA PÉREZ,
                                 *Circuit Judges*.
------------------------------------------------------------------

JULIO LICINIO, MD, PHD, MBA, MS,

           *Plaintiff-Appellant*,

           v.                                                             No. 24-2564-cv

STATE OF NEW YORK, STATE UNIVERSITY OF NEW YORK, STATE UNIVERSITY OF NEW YORK UPSTATE MEDICAL UNIVERSITY,

           *Defendants-Appellees*.
------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: DANIEL GRACE, Danny Grace PLLC, New York, NY

FOR DEFENDANTS-APPELLEES: ALEXANDRIA TWINEM, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Julio Licinio appeals from an August 28, 2024 judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) granting summary judgment in favor of Defendants-Appellees (collectively, "SUNY Upstate") and dismissing Licinio's claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Licinio served as Dean of SUNY Upstate's College of Medicine from July 1, 2017 until he was demoted on September 12, 2019. He claims that he was demoted in retaliation for laudable efforts he undertook as Dean to promote diversity at

2

SUNY Upstate.   Although the District Court granted summary judgment in favor of SUNY Upstate on Licinio's discrimination and retaliation claims, on appeal Licinio challenges only the dismissal of his retaliation claim.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Title VII retaliation claims are subject to the familiar *McDonnell Douglas* burden-shifting framework.   *See Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015).   To establish a *prima facie* case of retaliation, Licinio "must show that he engaged in a protected activity, that he suffered an adverse employment action, and that a causal connection exists between that protected activity and the adverse employment action."   *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 72–73 (2d Cir. 2019).   We assume without deciding that Licinio engaged in protected activity, including when he allegedly warned SUNY Upstate's president, Dr. Mantosh Dewan, that decreasing the salary of Licinio's wife would give her reason "both under Title 7 and Title 9, to file a complaint."   App'x 1140.

At the second *McDonnell Douglas* stage, "the burden shifts to the employer to articulate some legitimate, non-retaliatory reason for the employment action."

3

*Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013).   Here, SUNY

Upstate has presented legitimate, non-retaliatory reasons for removing Licinio

from the Dean position.   Beginning in 2018, SUNY Upstate's former president

set parameters on her conversations with Licinio and would not meet with him

one-on-one without a third-party present.   In December 2018, female faculty

members filed a discrimination complaint against Licinio arising from his

involvement in a hiring search.   In February 2019, after Licinio contacted the

SUNY Chancellor directly without going through Dr. Dewan, the Chancellor

asked why Licinio had not been removed as Dean.   Without complying with

ordinary procedures, Licinio created new administrative positions when efforts

were being made to cut positions.   And faculty and administrators frequently

complained about Licinio's inappropriate comments.[1]   This quantity of well-

documented "dissatisfaction with [Licinio's] performance" as Dean is sufficient

---

[1] Licinio argues that some of SUNY Upstate's reasons for demoting him rest on inadmissible hearsay evidence.   "In a discrimination case, however, we are decidedly not interested in the truth of the allegations against [the] plaintiff.   We are interested in what *motivated* the employer."   *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) (quotation marks omitted).   Licinio also failed to properly deny, with citation to specific record evidence, other facts presented in SUNY Upstate's 56.1 Statement of Material Facts as required by the local district court rules.   *Cf. T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 417–18 (2d Cir. 2009).   We therefore agree with the District Court's description of the undisputed facts in the record.   *See* Spec. App'x 5 n.2, 9 n.8.

to rebut his *prima facie* case of retaliation. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 93 (2d Cir. 2001).

We agree with the District Court that Licinio failed to adduce admissible evidence that SUNY Upstate's non-retaliatory reasons for his demotion are "mere pretext" for retaliation. *Zann Kwan*, 737 F.3d at 845. To prove pretext, a plaintiff can "demonstrat[e] weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action." *Id.* at 846. Licinio argues that the temporal proximity between his demotion and a meeting in which he claims he "voiced his concerns about a lack of diversity" to Dr. Dewan is evidence of pretext. Appellant's Br. 26. But "[t]emporal proximity alone is insufficient to defeat summary judgment at the pretext stage." *Zann Kwan*, 737 F.3d at 847. Licinio also points to testimony by SUNY Upstate's Associate Vice President for Human Resources that Licinio's efforts to promote diversity "could have been part of" his demotion. App'x 1094. Even "construing th[is] evidence in the light most favorable to [Licinio]," *Horn v. Med. Marijuana, Inc.*, 80 F.4th 130, 135 (2d Cir. 2023) (quotation marks omitted), as we must, we conclude that Licinio has failed to produce sufficient admissible evidence from which "a reasonable juror could infer that the

explanations given by [SUNY Upstate] were pretextual," *Zann Kwan*, 737 F.3d at 847 (quotation marks omitted). The "existence of a scintilla of evidence" is "insufficient to defeat a summary judgment motion." *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012) (quotation marks omitted).

## CONCLUSION

We have considered Licinio's remaining arguments and determined that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court